IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 08-22 J |
| ) | |
| BRADLEY T. KAHLE  ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Possession of an unregistered firearm<br>On or about June 8, 2008 | 26 U.S.C. § 5861(d) |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of possession of an unregistered firearm, in violation of Title 26, United States Code, Section 5861(d), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant, on or about the date set forth in the indictment, possessed the firearm as described in the indictment.

> United States v. Beason, 690 F.2d 439 (5th Cir. 1982), cert. denied 103 S.Ct. 828 (1983); United States v. Henderson, 482 F.2d 558 (8th Cir. 1973).

2. That the defendant knowingly and unlawfully possessed the firearm.

> United States v. Runyon, 621 F.2d 317 (8th Cir. 1980); United States v. DeBartolo, 482 F.2d 312 (1st Cir. 1973).

3. That the defendant knew that the characteristics of the firearm he possessed met the statutory definition of the term "firearm." That is, defendant knew that the firearm was a destructive device.

> Staples v. United States, 511 U.S. 600 (1994); Rogers v. United States, 522 U.S. 252 (1998); 26 U.S.C. § 5845(a).

   4. That the firearm was not, at that time, registered to the defendant in the National Firearms Registration and Transfer Record.

> <u>United States v. Janik</u>, 723 F.2d 537 (7th Cir. 1983) (reversed and remanded for other reasons); <u>Robbins v. United States</u>, 476 F.2d 26 (10th Cir. 1973); <u>United States v. Henderson</u>, <u>supra</u>; <u>United States v. Thompson</u>, 420 F.2d 536 (3d Cir. 1970).

### III. PENALTIES

  **A. As to Count 1:** Possession of an unregistered firearm (26 U.S.C. §5861(d)):

   1. A term of imprisonment of not more than ten (10) years. (26 U.S.C. § 5861(d));

   2. A fine not more than $250,000 (18 U.S.C. § 3571(b)(3));

   3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

   4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

  A mandatory special assessment of $100.00 must be imposed upon conviction, pursuant to 18 U.S.C. § 3013.

V.  **RESTITUTION**

Not applicable in this case.

> Respectfully submitted,
>
> MARY BETH BUCHANAN
> United States Attorney
>
> */s/ Margaret E. Picking*
> MARGARET E. PICKING
> Assistant U.S. Attorney
> PA ID No. 28942