IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       )
                               )
          vs.                  )        Criminal No. 08-22
                               )
BRADLEY T. KAHLE               )

## GOVERNMENT'S PROPOSED POINTS FOR CHARGE

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said district, and respectfully submits the following proposed points for charge:

## INSTRUCTION NO. 1[1]

## Evidence (What is; is Not)

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness' answers that are evidence. Of course, you may need to consider the

---

[1]All proposed jury instructions are from the Third Circuits' Model Federal Jury Instructions, unless otherwise noted.

question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of

3

evidence.   You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

## INSTRUCTION NO. 2

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could find or infer the existence of some other fact or facts. An inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. An inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could find or conclude that it was raining. You would not have to find that it was raining, but you could.

6

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what inferences you will draw based on all the evidence.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you are to decide how much weight to give any evidence.

## INSTRUCTION NO. 3

### Credibility of Witnesses

In deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Is the witness truthful? Is the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gives, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness' knowledge, understanding, and memory;

8

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness' testimony in court;

(7) Whether the witness' testimony is consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony is when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve that witness' testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you should consider whether it is about a matter of importance or an

insignificant detail. You should also consider whether the inconsistency is innocent or intentional.

You are not required to accept testimony even if the testimony is not contradicted and the witness is not impeached. You may decide that the testimony is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important than numbers is how believable the witnesses are, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 4

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant has pleaded not guilty to the offense charged. The defendant is presumed to be innocent. The defendant starts the trial with a clean slate, with no evidence against him. The presumption of innocence stays with the defendant unless and until the government presents evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty, and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on

suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

**INSTRUCTION NO. 5**

**Stipulated Testimony**


The parties have agreed what (name of witness)'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court by the witness.

**INSTRUCTION NO. 6**

**Stipulation of Fact**


The Government and the defendant have agreed that *(set forth stipulated fact(s)) (is)(are)* true.  You should therefore treat *(this fact)(these facts)* as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

## INSTRUCTION NO. 7

### Opinion Testimony (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You will hear testimony from *(state the name of the person(s) who will offer an opinion)*. Because of (his)(her)(their) knowledge, skill, experience, training, or education in the field of (state the witness(es)'s field), *(Mr.)(Ms.)(Dr.) (name)* will be permitted to offer *(an)* opinion(s) in that field and the reasons for *(that)(those)* opinion*(s)*.

The opinion*(s) (this)(these)* witness*(es)* state*(s)* should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard the opinion*(s)* entirely if you decide that *(Mr.)(Ms.)(Dr.) (name)*'s opinion*(s) (is)(are)* not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion*(s)* if you conclude that the reasons given in support of the opinion*(s)* are not sound, or if

15

you conclude that the opinion*(s) (is)(are)* not supported by the facts shown by the evidence, or if you think that the opinion*(s) (is)(are)* outweighed by other evidence.

**INSTRUCTION NO. 8**

**Possession of an Unregistered Firearm (26 U.S.C. § 5861)**

Count *(No.)* of the indictment charges Gregory Kucher with possession of an unregistered firearm, namely *(describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length)*, which is a violation of federal law.

In order to find *(name)* guilty of the offense charged in the indictment, you must find that the government proved each of the following four elements beyond a reasonable doubt.

First: That *(name)* knowingly possessed a firearm;

Second: That this firearm was a *(describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length)*;

Third: That *(name)* knew of the characteristics of the firearm, *(that is, that it was (describe the firearm; e.g., a shotgun having a barrel of less than 18 inches in length))*;

Fourth: That this firearm was *(could readily have been put)* in operating condition; and

Fifth: That this firearm was not registered to the defendant in the

National Firearms Registration and Transfer Record.  It does not matter whether *(name)* knew that the firearm was not registered or had to be registered.

The evidence in this case contains a certificate showing that after diligent search of the National Firearms Registration and Transfer Record, no record was found that the firearm which the government claims was involved in this case was registered to *(name)*.  From such evidence you may, but do not need to, find that the government has sustained its burden of proving beyond a reasonable doubt the non-registration of the firearm.


Comment


Fifth Circuit § 2.94.


This instruction should be used when the defendant is charged with violating 26 U.S.C. § 5861.  Section 5861 provides:


It shall be unlawful for any person–
* * * *
(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

The term firearm is used differently in this section than in the firearms offenses found in Title 18.  26 U.S.C. § 5845 includes the following definitions of "firearm" :

(1) a shotgun having a barrel or barrels of less than 18 inches in length;

(2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length;

(3) a rifle having a barrel or barrels of less than 16 inches in length;

(4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;

(5) any other weapon, as defined in subsection (e);

(6) a machinegun;

(7) any silencer (as defined in section 921 of title 18, United States Code); and

(8) a destructive device.

Section 5845(a) further provides:

The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive

19

device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

Sections 5845(b) through (f) define the terms "machinegun," "rifle," "shotgun," "any other weapon," and "destructive device" respectively. The description of the firearm used in the instruction should track the statutory language of section 5845. For the definition of possessed, *see* Instruction 6.18.922G-4 (Firearm Offenses – Knowing Possession Defined).

It is not clear whether the provisions excepting some devices from the definition of firearms clarify the elements of the offense or define affirmative defenses. In *United States v. Neil*, 138 F. App'x. 418 (3d Cir. 2005), a non-precedential opinion, the Third Circuit noted that the circuits are divided and this circuit has not addressed the issue. The court cited *United States v. Hammond*, 371 F.3d 776, 780 (11th Cir. 2004), treating the question of whether a device was designed for use as a weapon as an element of the offense and *United States v. Beason*, 690 F.2d 439, 445 (5th Cir. 1982), concluding that the statutory exceptions are affirmative defenses.

To establish a violation of section 5861(d), the Government must prove beyond a reasonable doubt that the defendant knowingly possessed the item and also knew "the item he possessed had the characteristics that brought it within the statutory definition of a firearm" but need not prove that the defendant knew that the item fell within the statutory definition. *Rogers v. United States*, 522 U.S. 252, 254-55 (1998); *Staples v. United States*, 511 U.S. 600, 619 (1994). As a result, the court must inform the jury of the characteristics of the item that bring it within the statutory definition of firearm found in section 5845. For example, in *Rogers*, the court's instructions adequately communicated to the jury that it could not convict unless it found that the defendant knew that the item he possessed was a silencer. The Government does not need to prove that the defendant knew the firearm was unregistered. *United States v. Freed*, 401 U.S. 601, 607-10 (1971).

If the defendant is charged with possession of an unregistered destructive device as defined in section 5845(f), the Government may be required to prove that the defendant intended to use the components as a weapon. In *United States v. Urban,* 140 F.3d 229, 233 (3d Cir. 1998), the Third Circuit held that "intent is a required element when the components are commercial in nature and are not designed or redesigned for use as a weapon." However, if there is no ambiguity concerning the nature of the device, the

21

government need not prove that the defendant intended to use the components as a weapon.  140 F.3d at 234.  For example, in *Urban*, where it was "undisputed that the parts were clearly designed to create a grenade," the trial court was not required to instruct on intent to use the components as a weapon.  140 F.3d at 234.

In *United States v. Hull*, 456 F.3d 133, 143-44 (3d Cir. 2006), the Third Circuit further clarified the intent requirement.  The court rejected the defendant's argument for additional intent instructions and explained:

> The Government was required to prove that Hull knew of the features that made what he was making, possessing, or transferring, a "firearm," . . . and indeed the District Court instructed the jury accordingly.  However, Hull claims that the Government also had to prove that he intended for the unassembled parts of the pipe bomb to be assembled into a fully functioning pipe bomb.  This is simply not an element of 26 U.S.C. § 5861.* * * Accordingly, we discern no error in the District Court's refusal to instruct the jury that the Government must prove Hull intended that the parts be converted into a destructive device.  (Citations omitted.)

**INSTRUCTION NO. 9**

**Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))**

Alternative 1:

You have heard evidence that the defendant *(name)* on a previous occasion committed (*describe bad act elicited on cross-examination of defendant*).  You may consider that evidence only to help you decide whether to believe *(name)*'s testimony and how much weight to give it.  That evidence does not mean that *(name)* committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

[*This evidence may not be used in any way at all in connection with the other defendant(s)]*.

Alternative 2 *(to be given if the defendant denies the bad act):*

You heard the prosecutor ask *(name)* whether on a previous occasion *(he)(she)* committed (*describe bad act elicited on cross-examination of defendant*).  You also heard *(name)* deny committing that act.  I remind you that questions by the lawyers are not evidence.  It is the answer of the witness  that provides evidence.  There is therefore no evidence that *(name of witness)* committed *(describe act)*.

**Commentary**

This instruction is derived from Eighth Circuit §2.16.

23

This instruction should be used when the prosecution is permitted to cross-examine the defendant under Rule 608(b) of the Federal Rules of Evidence concerning prior bad acts that did not result in conviction.   Rule 608(b) of the Federal Rules of Evidence provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

If the court permits the prosecutor to cross-examine the defendant concerning prior bad acts under Rule 608(b), the court should instruct the jury concerning the cross-examination, whether or not requested, after consultation with the defendant.   The appropriate instruction depends on whether the defendant admits or denies the prior conduct in response to the questions asked on cross-examination.   Alternative 1 should be given if the defendant admits committing those acts.   The instruction simply limits the

jury's consideration of the prior acts to the defendant's believability.  The Third Circuit has not determined whether failure to give the instruction if requested is reversible error or whether failure to give the instruction if the defendant does not request it is plain error.  The bracketed language in Alternative 1 should be given in a multi-defendant case.

Alternative 2 should be given if the prosecutor asks about the prior acts on cross-examination and the defendant denies committing the prior acts.  Rule 608(b) precludes the introduction of extrinsic evidence to complete the impeachment with bad acts.  As a result, if the prosecutor is permitted to ask about the prior bad acts on cross-examination and the defendant denies committing the acts, the prosecution can go no further with the subject.  *See United States v. McNeill*, 887 F.2d 448, 453 (3d Cir. 1989); *United States v. Anderson,* 859 F.3d.1171, 1178 (3d Cir. 1988).

Caution: This instruction should not be given when the defendant has been impeached with a prior conviction under Rule 609 of the Federal Rules of Evidence. *See* Instruction 2.25 (Impeachment of Defendant - Prior Conviction (F.R.E. 609)).  Nor should this instruction be given when evidence of other crimes has been admitted to prove motive, opportunity, intent or the like under Rule 404(b) of the Federal Rules of Evidence.  Instead, the jury should be specifically instructed on the purpose for which such evidence was admitted. *See* Instruction 2.23 (Defendant's

Prior Bad Acts or Crimes (F.R.E. 404(b))).   If evidence of the defendant's prior conduct or conviction has been admitted under Rule 404(b) or Rule 609 *and* the defendant is impeached with prior bad acts under Rule 608(b), this instruction should be given in conjunction with Instructions 2.23 and 2.25, respectively.   If evidence has been admitted under all three rules, all three instructions should be given, highlighting the difference in relevance for the jury.

Rule 608(b) permits inquiry only concerning prior acts that are probative of untruthful conduct.   To fall within the rule, the acts "will normally involve dishonesty or false statement as employed in Rule 609(a)(2)."  Graham § 608.4 at 146–47.   The Third Circuit has held that Rule 609(a)(2) applies only to crimes that "bear on the witness' propensity to testify truthfully."   *See United States v. Johnson*, 388 F.3d 96 (3d Cir. 2004).   In *United States v. Irizarry*, 341 F.3d 273 (3d Cir. 2003), the court noted that the trial court properly allowed the prosecutor to cross-examine the defendant about his possession of identification in someone else's name and about his possession of blank Social Security cards.   *Id.* at 312.   The Third Circuit stated that the evidence tended to show deceit and therefore fell within Rule 608(b).

The Third Circuit has also held that the decision whether to allow cross-examination under Rule 608(b) falls within the trial

court's discretion.  *See United States v. McNeill*, 887 F.2d 448, 453 (3d Cir. 1989).  In *Johnson v. Elk Lake School District*, 283 F.3d 138 (3d Cir. 2002), the court held that the trial court acted within its discretion when it precluded plaintiff's counsel from cross-examining a key witness concerning a lie on his resume. *Id.* at 145 n.2.  The court noted that the trial court's ruling was reviewed under an abuse of discretion standard with "substantial deference" to the trial court.  The court stated that "the trial court was within its discretion to conclude that Stevens' lying on his resume, although duplicitous and wrong, was not so indicative of moral turpitude as to be particularly probative of his character for untruthfulness." *Id.*  This result is criticized in Graham who states that "the exercise of discretion should very rarely if ever be exercised to exclude an undisputed act of 'lying'" such as that in *Johnson*.  Graham § 608.4 n.5.

The inquiry under Rule 608(b) should focus on the actual acts that suggested untruthfulness and not any third party action, such as suspension from a job, that resulted from those acts.  *See United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999).  The court may preclude inquiry concerning prior acts if they are remote in time.  *See Johnson v. Elk Lake School District*, 283 F.3d 138, 145 n.2 (3d Cir. 2002).

Cross-examination may be limited by the Fifth Amendment; Rule 608(b) provides that no witness, including the accused, waives the

27

Fifth Amendment privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.  *See United States v. Hudson*, 422 F.Supp. 395 (E.D.Pa. 1976), *aff'd* 556 F.2d 566, *aff'd* 556 F.2d 569, *cert. denied*, 431 U.S. 922, *cert. denied*, 434 U.S. 839 (1977).  The Third Circuit appears not to have addressed this aspect of the rule.

## INSTRUCTION NO. 10

### Impeachment of Defendant - Prior Conviction (F.R.E. 609)

You *(are about to hear)(heard)* evidence that the defendant was previously convicted of a crime.  You may consider evidence of the defendant's previous conviction of a crime only to help you decide whether to believe the defendant's testimony and how much weight to give it.  That evidence does not mean that the defendant committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

*[This evidence may not be used in any way at all in connection with the other defendant(s)].*

## INSTRUCTION NO. 11

## Prior Statement of Defendant – Single Defendant on Trial

The government has introduced evidence that the defendant made a statement to *(name of person who took statement)*.  You must decide whether the defendant did in fact make the statement.  If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant himself and the circumstances under which the statement was made.

*[If, after considering the evidence, you determine that a statement, was made voluntarily, you may give it such weight as you feel it deserves under the circumstances.  On the other hand, if you determine that the statement was not made voluntarily, you must disregard it.  In determining whether any alleged statement was made voluntarily, you should consider (name of defendant)'s age, training, education, occupation, and physical and mental condition, and (his)(her) treatment while in custody or under interrogation as shown by the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement.]*

30

## INSTRUCTION NO. 12

## Role of Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.

31

This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community).

## INSTRUCTION NO. 13

### Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*(4) Any facts that have been judicially noticed--that is, facts which I say you may         accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

## INSTRUCTION NO. 14

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant pleaded not guilty to the offense charged. The defendant is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with the defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offense charged beyond a reasonable doubt.  The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offense charged, the government must convince you that the defendant is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offense charged beyond a reasonable doubt.  A defendant may not be convicted based

on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.