IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-22J |
| | ) | |
| BRADLEY T. KAHLE | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

AND NOW comes the United States of America, by its attorneys, Robert S. Cessar, Acting United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said district, and respectfully files the within response to the defendant's motion *in limine*, based upon the following:

In the within defense motion, defendant seeks to exclude from evidence the destructive devices at issue in Count One of the indictment. The defendant contends that, according to the definition of a destructive device set forth at 26 U.S.C. § 5845(f), "the term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon...".

The defendant claims that the government cannot establish the second required element of the statute, that is, that the destructive device was designed or redesigned for use as a weapon, citing United States v. Hammond, 371 F.3d 776. On the contrary, the recordings between the undercover state troopers and defendant

Kahle, which preceded the recovery of the explosive devices on June 8, 2008, clearly establish the defendant's *mens rea*, that is, that defendant Kahle intended these devices to be used as weapons. The defendant repeatedly emphasized his anti-government sentiment and his intent that these explosives be used in acts of violence.

Indeed, less than twenty-four hours before execution of the search warrant, the defendant had a recorded conversation with the undercover troopers, in which he referred to these destructive devices as "bombs" and repeatedly emphasized their ability to kill or maim. This conversation will be offered in evidence at defendant's trial. A copy of the conversation has been provided to counsel for the defendant and a transcript has also been made available. Thus, the government will be amply able to demonstrate that the devices at issue were designed for use as a weapon.

In the same motion, the defendant seeks to exclude the very conversations upon which the government must necessarily rely to establish the second component, that is the intent component, by claiming their prejudicial effect outweighs their probative value. On the contrary, the government must offer evidence of the defendant's intended use of these destructive devices in order to sustain a conviction under the statute, as the defendant himself has pointed out.

As an alternative, the defendant asks that the court exclude or limit conversations regarding any "minorities, women, government officials, or at least, any and all prejudice toward

minorities, women, government officials, etc." Although the defendant has copies of the recordings and accompanying transcripts, he does not designate which recordings, or portions of recordings he would exclude.

The government, of its own volition, plans to limit the number of recordings it will play for the jury and will eliminate most of the conversations concerning the defendant's avowed anti-government and anti-minority sentiment. We will identify for counsel for the defendant which of the recordings we intend to play.

In particular, the government will offer the conversation of June 7, 2008, a conversation which occurred less than twenty-four hours prior to recovery of the explosive devices at issue. Of necessity, this conversation will refer to some of the defendant's hate speech, in order to prove the second element of the statute, as noted above.

Finally, the defendant seeks to limit introduction of a videotape, and presumably, a portion of the government's expert's proposed testimony concerning the destructive devices. Such testimony is not excludable under Federal Rules of Evidence 401-403, as defendant contends. This testimony will show that the destructive devices are not mere pyrotechnics, as the defendant claims, thereby helping to prove the elements of the offense, as required by the statute.

The defendant raises further objections to the testimony

of the expert, which appear to address the weight, not the admissibility of the evidence, and are best addressed on cross-examination. They are simply not grounds for exclusion of the witness' testimony. The government herein reiterates its request for the defendant's expert report.

       Wherefore, the government respectfully requests that this motion be denied.

       Respectfully submitted,

       ROBERT S. CESSAR
       Acting United States Attorney


       s/ Margaret E. Picking
       MARGARET E. PICKING
       Assistant U.S. Attorney
       U.S. Post Office and Courthouse
       700 Grant Street
       Suite 4000
       Pittsburgh, Pennsylvania 15219
       (412) 644-3500 (Phone)
       (412) 644-5870 (Fax)
       margaret.picking@usdoj.gov
       PA ID No. 28942